**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **DIANA SANTANA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:21-cv-0574** |
| | § | |
| **EKKO'S AUTOMOTIVE LLC and** | § | |
| **YANNIS/DIMITRI ENTERPRISES,** | § | |
| **LLC,** | § | |
| **Defendants.** | § | **A Jury Is Demanded** |

**PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST
TO PROVIDE NOTICE TO SIMILARLY SITUATED EMPLOYEES**

Defendants Ekko's Automotive, LLC, ("Ekko's"), and Yannis/Dimitri Enterprises, LLC, ("Y/DE"), have implemented a business plan that profits from purposefully and intentionally ignoring the overtime provisions of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §201 *et seq.* ("FLSA"). The Defendants do not pay employees overtime at the required rate. Instead, the Defendants pay an hourly rate for the first forty hours and then pay cash at a reduced hourly rate for hours over forty. This action is brought to recover unpaid overtime compensation, liquidated damages, costs, and attorney's fees owed to Plaintiff Diana Santana ("Plaintiff" or "Ms. Santana"), and all similarly situated individuals, by Ekko's Automotive, LLC, and Yannis/Dimitri Enterprises, LLC. The Plaintiff also seeks the court's permission to send notice to similarly situated employees as contemplated by the Fair Labor Standards Act, 29 U.S.C. § 216(b) and for the case to proceed in a collective fashion.

**Facts Supporting Relief**

**Allegations Related to Ms. Santana's Claims**

1.      Diana Santana worked at an automotive shop that was initially owned by Yanni/Dimitri Enterprises, LLC, and later sold to Ekko's Automotive, LLC in August of 2019.

2.      Y/DE hired Ms. Santana in 2011 as the front office clerk.  In that role, Ms. Santana checked customers in and out and had responsibility for maintaining some of the accounts receivable.  Ms. Santana also did various tasks as assigned, including but not limited to, odd jobs such as cleaning and picking up fruit or other items from various grocery stores as directed.

3.      In December of 2014, Ms. Santana moved to California and left the employment of Y/DE.

4.      In March of 2016, Y/DE convinced Ms. Santana to move back and retake her position.

5.      Ms. Santana returned to her old position and was given additional duties as described below.

6.      In August of 2019, the owner and operator of Y/DE sold the business to Ekko's.

7.      Y/DE maintained ownership of the land, provided Ekko's with a lease for the building and facilities, and turned over the business to Ekko's.

8.      The owner of Y/DE is still employed as the general manager of the automotive shop.

9. During times relevant to this suit, Ms. Santana carried out various duties. Ms. Santana opened and closed the store, monitored employee's time records and pay stubs, cleaned toilets and washrooms, took care of and monitored accounts receivable, checked customers in and out, reviewed and monitored Google reviews of the company, checked in parts from various parts of the country and world, reviewed time records of other employees, verified and handled payroll for the company, took trips to the grocery store for supplies, and interviewed and hired employees, with approval.

10. While employed by Defendants, Ms. Santana regularly worked in excess of 40 hours per week.

11. Ms. Santana recorded her time using the Defendants' time keeping system.

12. The amount of overtime varied, but Defendants either did not compensate Ms. Santana for overtime, or paid her less than her hourly rate for hours spent over forty.

13. Defendants paid Ms. Santana a rate of $18.46 per hour of regular time, i.e., for the first 40 hours of work.

14. Defendants paid Ms. Santana a rate of $12.00 per hour, at sporadic intervals, for hours that Ms. Santana worked over 40. Defendants did not pay Ms. Santana her regular hourly rate for hours over forty.

15. The overtime payments were less than required by law and the money was paid in cash. Because the payments were made in cash, the wages were not reported to any government and no taxes were withheld or paid by Defendants.

16.     Ms. Santana questioned this approach and was told that she needed to just do the job the way the Defendants told her to do the job and pay the cash to herself and to other employees who worked more than 40 hours in a work week.

17.     Because she was in charge of making out the payroll checks and calculating the hours for each employee, Ms. Santana is aware that all employees of the company are paid their regular rate for the first forty hours of work, and are then paid less than the hourly rate and in cash for hours worked over forty.

18.     Ms. Santana questioned the reason for this pay practice because she believed that it was illegal.

19.     Defendants told her that this was just how they were going to do it and that if she could not follow their instructions, she would be terminated.

20.     In March of 2020, Ms. Santana was performing her duties as required under the management of Ekko's.

21.     At that time, the first lockdowns were mandated through Harris County, Texas, in response to the global pandemic.  The automotive store was permitted to stay open as an essential business.

22.     Defendants informed Ms. Santana that they could not pay her during this time, and from the second week of March 2020 through the second week of June 2020, Defendants did not pay Ms. Santana any money for wages.

23.     Despite not being paid, Ms. Santana was working approximately 13 hours per day from Monday through Friday, 9 hours a day on Saturday, and approximately 8 hours a day on Sunday.

24.     Ms. Santana maintained this schedule from approximately March of 2020 through her termination in December of 2020.

25.     Defendants did not pay Ms. Santana for all overtime hours worked.

26.     Defendants accepted the work of Ms. Santana and knew at all times that Ms. Santana was performing these hours.

27.     Defendants terminated Ms. Santana in December of 2020.

## Allegations Regarding Similarly Situated Employees

28.     Numerous individuals employed by Defendants were similarly situated to Ms. Santana.

29.     Defendants paid these individuals using the same illegal pay practice, i.e., paying an hourly rate for the first forty hours and a reduced rate for hours over forth paid in cash.

30.     Ms. Santana was in charge of payroll and was ordered by Defendants to pay 40 hours regular time and then a reduced rate, in cash, to employees for hours over 40.

31.     These payments were made in direct violation of the requirements of the Fair Labor Standards Act.

32.     Defendants paid Ms. Santana and all other similarly situated hourly employees at Defendants' facility on an hourly basis as described above.

33.     Based upon the information currently available, the individuals employed by Defendants are similarly situated to Ms. Santana and were subjected to the same illegal pay practice.

34. Ms. Santana requests that after sufficient discovery, notice be prepared, with the Court's permission, and sent to each individual similarly situated who was subjected to this illegal pay practice where 40 hours were paid at a regular rate, but any hours over 40 were paid at a reduced rate and not time and a half and were paid in cash.

## Allegations Regarding FLSA Coverage

35. During each of the three years prior to this complaint being filed, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail, electronic applications to keep track of time, electronic applications used to pay employees, and the Internet.

36. During each of the three years prior to this complaint being filed, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).

37. At all times pertinent to this Complaint, Ms. Santana was individually engaged in commerce and her work was essential to Defendants' business.

38. During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

## Allegations Regarding Willfulness

39.     At all times relevant hereto, the Defendants knew of, approved of, and benefited from Ms. Santana's and other individuals similarly situated regular and overtime work.

40.     Ms. Santana and individuals similarly situated were not "exempt" employees.

41.     Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

42.     Defendants' actions were willful and in blatant disregard for the federally protected rights of Ms. Santana and similarly situated individuals.

43.     The specific acts of Defendants, in ordering Ms. Santana to pay herself and other similarly situated employees in cash for time over 40 hours per week, and to pay a reduced rate rather than the time and one half required by the FLSA, demonstrate an intentional and willful violation of the FLSA.

44.     As non-exempt employees, Ms. Santana and similarly situated individuals were entitled to be paid their regular wages and to be paid an overtime premium for all work performed during the hours worked over forty (40) hours in each workweek. Defendants failed to pay the Ms. Santana or the similarly situated individuals the required overtime premium in nearly every workweek that Ms. Santana or similarly situated individuals were employed by Defendants.  Ms. Santana and similarly situated individuals worked in excess of 40 hours in a number of weeks while employed by the Defendants.  Ms. Santana and similarly situated individuals were paid on an hourly

basis, but were not paid premium pay for hours worked over 40.

45.     No exemption excuses the Defendants from paying Ms. Santana and similarly situated individuals for all time spent and work performed during the hours they worked, and the Defendants have not made a good faith effort to comply with the FLSA.  As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Ms. Santana and similarly situated individuals.  Such practice was and is a clear violation of the FLSA.

46.     Therefore, Defendants are aware that their employment practices violate the law but have taken no steps to correct these issues.

## Parties

47.     Plaintiff Diana Santana (Ms. Santana"), a former employee of Defendants, was personally engaged in interstate commerce during her employment with the Defendants, and is represented by the undersigned.

48.     Defendant Ekko's Automotive, LLC, ("Ekko's") is a Texas limited liability company and an "employer" as defined by the FLSA.  With respect to Plaintiff, Ekko's is subject to the provisions of the FLSA.  Ekko's was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00.  Ekko's may be served at the address of its registered agent, Haroon Asad, 5216 Richmond Ave, Houston, Texas 77056, or wherever found.

49.     Defendant Yannis/Dimitri Enterprises, LLC, ("Y/DE"), is a Texas limited liability company and an "employer" as defined by the FLSA.  With respect to Plaintiff, Y/DE is subject to the provisions of the FLSA.  Y/DE was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Y/DE may be served at the address of its registered agent, Stylianos Bouboudakis, 5215 Richmond Ave., Houston, Texas 77056, or wherever found.

## Jurisdiction and Venue

50.     This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Ms. Santana and similarly situated individuals transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## CAUSES OF ACTION

## First Cause of Action

## Ms. Santana and Similarly Situated Individuals

## Violation of the FLSA – Failure to Pay Wages Owed

51.     Ms. Santana incorporates by reference all factual allegations into this cause of action.

52.     Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Ms. Santana and similarly situated individuals for overtime work performed in the employ of the Defendants.

53.     Ms. Santana and similarly situated individuals have suffered damages as

a direct result of Defendants' illegal actions.

54.     Defendants are liable to Ms. Santana and similarly situated individuals for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for which Ms. Santana now sues and requests notice be sent to similarly situated individuals.

## Second Cause of Action

### Ms. Santana

### Violation of the FLSA – Failure to Pay Minimum Wage

55.     Ms. Santana incorporates by reference all factual allegations into this cause of action.

56.     Based on the foregoing, Defendant Ekko's violated the FLSA by failing to pay  Ms. Santana any wages at all for work performed from the second week of March 2020 through the second week of June 2020.

57.     Ms. Santana has suffered damages as a direct result of Ekko's illegal actions.

58.     Ekko's is liable to Ms. Santana for unpaid wages, liquidated damages, attorney's fees and costs of Court under the FLSA, for which Ms. Santana now sues.

## Third Causes of Action

### Ms. Santana

### Texas Common Law:  Quantum Meruit, Unjust Enrichment, Breach of Contract

59.     Ms. Santana incorporates by reference all factual allegations into this cause of action.

57.     Based on the foregoing, Ekko's violated Ms. Santana's common law rights by failing to pay her the full amount of her wages and overtime for all for work performed from the second week of March 2020 through the second week of June 2020.

58.     Ms. Santana performed valuable services for Ekko's.  Ekko's accepted, used, and enjoyed the benefits of those services.  Ekko's was reasonably notified that Ms. Santana expected payment for those services.  Ekko's did not pay Ms. Santana.

59.     Ekko's agreed to pay Ms. Santana $18.46 per hour.  Ms. Santana accepted this offer and actually worked the hours.  Ekko's failed to pay Ms. Santana.

60.     Ms. Santana has suffered damages as a direct result of Ekko's's illegal actions.

61.     Ekko's is liable to Ms. Santana for unpaid wages, liquidated damages, attorney's fees and costs of Court as permitted by law and pursuant to statute, for which Ms. Santana now sues.

## Demand for Jury

62.     Ms. Santana demands a trial by jury.

## Prayer for Relief

WHEREFORE, Ms. Santana prays that the Defendants be cited to appear and answer and that individuals similarly situated to Ms. Santana be given notice as approved by the Court of their right to opt into and become part of this lawsuit, and upon final judgment be awarded:

1.     Judgment against Defendants for an amount equal to unpaid overtime wages at the applicable rate for Ms. Santana and any similarly situated individuals who opt-in pursuant to law;

2.     Judgment against Defendant Ekko's for Ms. Santana's minimum wage

claims;

3. An equal amount to the overtime wage damages as liquidated damages;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. Judgment against Defendant Ekko's for Ms. Santana's claims for unjust enrichment;
6. Judgment against Defendant Ekko's for Ms. Santana's claims for quantum meruit;
7. Judgment against Defendant Ekko's for Ms. Santana's claism for breach of contract;
8. All costs and attorney's fees incurred prosecuting these claims; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Thomas H. Padgett, Jr.*
Thomas H. Padgett, Jr.
TBA No. 15405420
S.D.Tex. No.:  11554
tpadgett@buenkerlaw.com
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEYS FOR DIANA SANTANA**